*Island Estates, Inc.*, 223 id. 772.)  Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

CHARLES CORSACK, Respondent, Appellant, v. EASTERN PARKWAY, BROWNSVILLE AND EAST NEW YORK TRANSIT RELIEF ASSOCIATION, INC., etc., Respondent, and HARRY MOSKOWITZ and BENJAMIN GOLDMAN, Appellants.— Judgment, in so far as it adjudges that plaintiff recover against defendants Moskowitz and Goldman, and order denying motion to set aside verdict, unanimously affirmed, with costs; in so far as it dismisses the complaint as against defendant Eastern Parkway, Brownsville and East New York Transit Relief Association, Inc., judgment reversed upon the law and a new trial granted, costs to plaintiff, appellant, to abide the event.  From the fact that the motor bus was suddenly stopped without any signal to cars that were behind it, the jury might have found that the operator of the motor bus had failed to exercise reasonable care toward those behind.  It was not incumbent upon plaintiff to show the absence of conditions which would otherwise have absolved the operator of the motor bus from fault in suddenly stopping.  Lazansky, P. J., Young, Kapper, Seeger and Carswell, JJ., concur.

SYLVIA CORSACK, Respondent, Appellant, v. EASTERN PARKWAY, BROWNSVILLE AND EAST NEW YORK TRANSIT RELIEF ASSOCIATION, INC., etc., Respondent, and HARRY MOSKOWITZ and BENJAMIN GOLDMAN, Appellants.— Judgment, in so far as it adjudges that plaintiff recover against defendants Moskowitz and Goldman, and order denying motion to set aside verdict, unanimously affirmed, with costs; in so far as it dismisses the complaint as against defendant Eastern Parkway, Brownsville and East New York Transit Relief Association, Inc., judgment reversed upon the law and a new trial granted, costs to plaintiff, appellant, to abide the event.  From the fact that the motor bus was suddenly stopped without any signal to cars that were behind it, the jury might have found that the operator of the motor bus had failed to exercise reasonable care toward those behind.  It was not incumbent upon plaintiff to show the absence of conditions which would otherwise have absolved the operator of the motor bus from fault in suddenly stopping.  Lazansky, P. J., Young, Kapper, Seeger and Carswell, JJ., concur.

CURTISS GARDENS, INC., Respondent, Appellant, v. DAVID KAUFMAN and JAMES FYFE, Appellants, Respondents, and DADE BROS. MANUFACTURING CO., INC., and Others, Defendants.— Judgment reversed upon the law and the facts, with costs to appellants, respondents, and complaint dismissed, with costs to appellants, respondents.  Phillips was the vice-president and general manager of the plaintiff corporation at the field, and its only representative there.  He was placed by the corporation where the public would be led to believe that he represented it in the sale of the personal property in question.  The corporation is bound by his acts.  Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and appropriate conclusions will be made.  Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur.  Settle order on notice.

DORA DINCIN, as Administratrix, etc., of ISAAC DINCIN, Deceased, Respondent, v. DAVID M. KAHAN, Appellant.— Judgment reversed upon the law and the facts, and a new trial granted, costs to appellant to abide the event, because of error